IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |       |                      |
|------------------------------|-------|----------------------|
| HAZEL KNOTT,                 | *     |                      |
| v.                           | *     | Civil No. JFM-05-1747|
| ATLANTIC BINGO SUPPLY, INC., | *     |                      |

MEMORANDUM

Presently pending before me is Defendant's motion to dismiss for failure of service. The motion has been fully briefed. It will be granted.

I.

On June 27, 2005, Plaintiff timely filed a complaint under Title VII for sexual harassment and retaliation. The Clerk of Court issued a summons two days later, on June 29, 2005. Under Federal Rule of Civil Procedure 4(m), Plaintiff then had 120 days in which to perfect service. This would require service on or before October 25, 2005. The parties agree that Plaintiff failed to perfect service before that date.

On November 9, 2005, Plaintiff's counsel requested that the Clerk reissue the summons so that it could be served. Defendant filed the instant motion to dismiss five days later, on November 14, 2005.

Plaintiff's counsel claims that he failed to perfect service because he was "incapacitated due to ... 'sarcoidosis', which on occasion required bed rest and treatment by steroids..." Pl. Opp'n to Def. Mot. to Dismiss, at 1.

II.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff perfect service of the summons and complaint on a defendant within 120 days after the complaint is filed.  Rule 4(m) reads:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. PRO. 4(m).  Fourth Circuit precedent requires a showing of good cause before a court can grant an extension of time.[1]  Good cause includes "reasonable diligent efforts to effect service", and "inadvertence or heedless[ness]" will not suffice.  *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D.Md. 1986).

In this case, the showing required of Plaintiff is even higher because the 120-day period has already expired.  Where an extension is sought after expiration of 120 days, Rule 6(b) requires that the party show that the delay in service resulted from "excusable neglect."  FED. R. CIV. PRO. 6(b) (permitting a district court to extend the time for service "after the expiration of

---

[1]The "good cause" requirement's continuing validity in the Fourth Circuit has been questioned by several courts within this district.  *See e.g., Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 526 (D.Md. 1999) (Blake, J.); *Hoffman v. Baltimore Police Dep't*, 379 F.Supp.2d 778, 786 (D.Md. 2005) (Nickerson, J.).  Although *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995), states clearly that Rule 4(m) mandates a showing of good cause before an extension can be granted, subsequent district court opinions have noted the Advisory Committee Notes indicating that amendments to the Rule were intended to eliminate the good cause requirement.  *See e.g., U.S. v. Britt*, 170 F.R.D. 8, 9 (D.Md. 1996) (Davis, J.).  However, those same opinions have continued to require a showing of good cause, explaining that the district court is not free to disregard Fourth Circuit Precedent.  *Id.*  The issue in this case is in any event academic because, as explained *infra*, assuming the Fourth Circuit's good cause requirement is no longer valid, plaintiff cannot meet the "excusable neglect" requirement that unquestionably exists when a motion to extend time for service is filed after the expiration of the 120 day period established by Rule 4(m).

the specified period ... where the failure to act was the result of excusable neglect"). A showing of excusable neglect is a demanding standard, which the Fourth Circuit has noted "is not easily demonstrated, nor was it intended to be." *Britt*, 170 F.R.D. at 9 (citing *Thompson v. E.I. duPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

Therefore, Plaintiff must show both that there was good cause for the lack of service, and that her delay in filing the motion to extend before expiration of the 120-day period was the result of excusable neglect. *See Mendez*, 45 F.3d at 79 (finding that plaintiff failed to satisfy Rules 4(m) and 6(b) by not establishing "both good cause for the lack of service and excusable neglect for not filing the motion to extent service before the expiration of the 120-day period").

Plaintiff has shown neither here. Although Plaintiff's counsel appears to have a genuine disability, as Defendant has correctly pointed out, Plaintiff's counsel does not work alone. Another attorney in his firm, perhaps Mr. Thompson who is now appearing on Plaintiff's behalf, could have taken over responsibility for seeing process served. *See e.g.*, *Hoffman v. Baltimore Police Dept.*, 379 F.Supp.2d 778, 786 (D.Md. 2005) (noting the absence of an explanation as to why someone else did not take over a sick legal assistant's duties to have process served). Admittedly, Plaintiff's counsel's illness was out of his control. *See Burns & Russell Co. of Balt. V. Oldcastle, Inc.*, 166 F.Supp.2d 432, 439 n.9 (explaining that "courts will consider 'factors outside of a party's control' that prevent timely service, such as 'evasive or misleading conduct on behalf of defendant or illness on behalf of plaintiff.'"). However, other courts in this district have stated that good cause generally is shown by the occurrence of some "extraordinary circumstance." *Hoffman*, 379 F.Supp.2d at 786. For example, in *Braithwaite v. Johns Hopkins Hospital*, the court did not find good cause even where the plaintiff's daughter was murdered.

*Braithwaite*, 160 F.R.D. 75, 78 (D.Md. 1995).

Further, Plaintiff cannot show that the delay in seeking an extension was the result of excusable neglect. Plaintiff had four months in which he could perfect or delegate perfection of service, or in the alternative at least timely seek an extension. *See Britt*, at 9. In addition, Defendants cite multiple cases in which Plaintiffs' counsel has appeared in the District of Maryland, including one recent case in which service was not effected within 120 days. *See* Supp. Mem. in Support of Mot. to Dismiss, at 2-3; *Formengia v. Howard Co. Dep't of Social Services*, Case No. RDB-05-1118. That case evidences that plaintiffs' counsel was more than aware of the Federal Rules of Civil Procedure and of the Local Rules, and was aware of the need to seek an extension of time.

The possibility that Plaintiff's claims will be time-barred if dismissed without prejudice does not operate to prohibit the Court from enforcing the requirements of Rule 4(m). As the Advisory Committee Notes to Rule 4 explain, this is a consequence that is known and should be anticipated–because "[i]t should ... be plain to all lawyers that playing loose with the 120 days after having delayed suit until the eve of the expiration of the statute of limitations can easily have fatal consequences." FED. R. CIV. PRO. 4, advisory committee notes. The D.C. Circuit has explained that the "good cause" inquiry relates not to the severity of the consequences faced, but rather to the reason the party failed to perfect service. *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277, 283 (D.C. Cir. 1992). Where, as here, there is no good cause for the failure, and there is also no excusable neglect in failing to seek an extension of time, the time-bar consequence is not a sufficient reason to grant an extension.

A separate order granting Defendant's motion is being entered herewith.

Date: <u>December 22, 2005</u>    /s/_____
J. Frederick Motz
United States District Judge

Date: <u>December 22, 2005</u>          /s/_____
                                        J. Frederick Motz
                                        United States District Judge